UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Terri Kilpatrick, | No. 2:22-cv-00255-KJM-KJN |
| Plaintiff, | ORDER |
| v. | |
| Commissioner of Social Security, | |
| Defendant. | |

      Plaintiff Terri Kilpatrick applied for Social Security disability insurance benefits after a 2015 motorcycle accident. An administrative law judge determined in early 2021 that she is not disabled. She challenges that decision in this action. The matter was referred to a Magistrate Judge, who recommends affirming the administrative law judge's decision in findings and recommendations filed in October 2022. *See generally* F&Rs, ECF No. 21.

      Kilpatrck objects to only a portion of the Magistrate Judge's findings and recommendations. *See* Objs., ECF No. 22. The Magistrate Judge found the administrative law judge had wrongly overlooked some conclusions by Edie Glantz, M.D., a doctor who had examined Kilpatrick. *See* F&Rs at 9. In Dr. Glantz's assessment, Kilpatrick's injuries limited her ability to use her hands and fingers. *See id.* at 4 (citing Admin. Tr. 37). The administrative law judge relied on Dr. Glantz's opinions and accepted Dr. Glantz's assessment of Kilpatrick's

1

condition, but the administrative law judge found Kilpatrick was not limited in the use of her hands and fingers, contrary to Dr. Glantz's opinion. *See id.* at 9. He did not explain. *See id.* This was error, as the magistrate judge correctly found. *See id.* (citing *Bray v. Comm'r*, 554 F.3d 1219, 1228 (9th Cir. 2009)).

Although the administrative law judge erred, the Magistrate Judge found the error inconsequential, "harmless." *Id.* A vocational expert testified in the administrative hearing that Kilpatrick could work as a medical records clerk, office helper, "collator/operator," or "photocopy machine operator," as those positions are described in administrative publication known as the Dictionary of Occupied Titles, now several decades old and long out of print. *Id.* (citing Admin. Tr. 213–16). The administrative law judge found Kilpatrick was not disabled because she could work in one of these positions or a similar position. *See id.* at 4 (citing Admin. Tr. at 38–40). At the administrative law judge's instruction, however, the vocational expert had assumed Kilpatrick was not limited in her ability to use her hands and fingers. *See id.* If the work of a medical records clerk, office helper, collator, operator, of photocopy machine operator required constant use of the hands and fingers—work beyond Kilpatrick's abilities—then the administrative law judge's decision would certainly not have been harmless, but the decision is not so simple. According to the Dictionary of Occupied Titles, people can work in those positions even with only limited use of their hands and fingers—limits like those Kilpatrick now faces, perhaps. *See id.* at 4, 9. For that reason, the Magistrate Judge believed the administrative law judge could have reached the same conclusion even if he had accepted Dr. Glantz's opinion fully. *See id.* at 9.

Kilpatrick disagrees. She argues the Dictionary of Occupied Titles is an outdated, unreliable guide to the modern workplace. *See* Obj. at 3–4. She also contends it is impossible to say what the vocational expert would have thought about her ability to work in one of these positions under correct assumptions about her limits and abilities. *See id.* at 4. She argues her limits "overlap" or combine in a way that would disqualify her. *See id.*

The Magistrate Judge recommends rejecting these arguments because Kilpatrick did not advance them in her opening brief, but rather only in response to the government's cross-motion.

2

*See* F&Rs at 9. The court declines to adopt that recommendation. Kilpatrick made these arguments properly in response to the government's contention in its cross-motion that any error was harmless. *See* Cross Mot. at 9–10, ECF No. 19; Opp'n & Reply at 3–4, ECF No. 20; *see also, e.g.*, *Sullivan v. City of Berkeley*, 328 F.R.D. 352, 355 n.1 (N.D. Cal. 2018) (declining to strike reply arguments because they were "properly raised in response to arguments asserted in [the] opposition").

It is not "clear from the record" that the administrative law judge's error was "harmless," i.e., "'inconsequential to the ultimate nondisability determination.'" *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 885 (9th Cir. 2006) (quoting *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006)). It is unclear what opinions the vocational expert might have given under correct assumptions about Kilpatrick's limits, and it is unclear whether any mismatches between the Dictionary of Occupied Titles and modern workplaces are meaningful in this case.

For these reasons, the findings and recommendations are **adopted in part**. Plaintiff's motion for summary judgment is **granted**, and the Commissioner's motion is **denied**. This matter is **remanded** to the agency for further proceedings. This order resolves ECF Nos. 12, 19, and 21 and **closes the case**.

IT IS SO ORDERED.

DATED: May 25, 2023.

CHIEF UNITED STATES DISTRICT JUDGE